UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OPEN DOOR PROPERTIES, LLC,

        Plaintiff,

  v.

SONIA EFFERIN,

        Defendant.

No. 2:17-cv-02638-GEB-AC

***SUA SPONTE* REMAND ORDER**[*]

On December 18, 2017, Defendant proceeding in propria persona filed a Notice of Removal removing this unlawful detainer action from the Superior Court of California for the County of Sacramento. Notice of Removal ("NOR") 1, ECF No. 1. For the following reasons, the Court *sua sponte* remands this case to the Superior Court of California for the County of Sacramento for lack of subject matter jurisdiction.

"Only state-court [cases] that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011)

---

[*] The undersigned judge revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

1

(quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)).

Defendant alleges in her Notice of Removal that federal question jurisdiction justifies removal because her eviction is in violation of the "Protecting Tenants at Foreclosure Act 2009 ['PTFA']." NOR ¶ 3, 13. Specifically, Defendant contends:

> The PTFA is . . . the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facide [sic] case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

Id. at ¶ 13.

Defendant has not shown the existence of federal question jurisdiction. Review of the Complaint reveals Plaintiff alleges a single claim for unlawful detainer under California law, and "[a]s a general rule, . . . a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Under the "well-pleaded complaint rule[,] . . . 'a case may not be removed to federal court on the basis of a federal defense . . .

even if the defense is anticipated in the plaintiff's complaint . . . .'" Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014) (quoting Caterpillar, 482 U.S. at 393); see also Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . .").

For the stated reasons, this case is remanded to the Superior Court of California for the County of Sacramento.

IT IS SO ORDERED.

Dated: December 19, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge